■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY FREEMAN, Appellant. [598 NYS2d 1015] —Judgment unanimously reversed as a matter of discretion in the interest of justice and new trial granted. Same Memorandum as in *People v Freeman* (193 AD2d 1117 [decided herewith]). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Sodomy, 1st Degree.) Present—Callahan, J. P., Green, Lawton, Doerr and Boomer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR KING, Appellant. [598 NYS2d 1015] —Judgment unanimously reversed as a matter of discretion in the interest of justice and new trial granted. Same Memorandum as in *People v Freeman* (193 AD2d 1117 [decided herewith]). (Appeal from Judgment of Niagara County Court, Hannigan, J.—Sodomy, 1st Degree.) Present—Callahan, J. P., Green, Lawton, Doerr and Boomer, JJ.

■ JOSEPH L. GIUNTA, Appellant, v MARY H. GIUNTA, Respondent. [600 NYS2d 665] —Order unanimously modified on the law and as modified affirmed with costs to defendant in accordance with the following Memorandum: Supreme Court properly granted judgment to defendant for educational expenses incurred on behalf of the parties' children. With one exception, defendant's affidavit stated sufficient facts to support the amount granted and plaintiff's opposing affidavit was insufficient to raise an issue of fact requiring an evidentiary hearing. The schedule submitted by defendant concerning the contributions made by the children in the total amount of $7,822 lacked sufficient evidentiary detail to support an award based on those contributions. Thus, we modify the order appealed from by directing that judgment be granted in the amount of $63,247.06. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Support.) Present—Callahan, J. P., Green, Lawton, Doerr and Boomer, JJ.

■ In the Matter of GARY PREISCHEL, Appellant, v ELLEN PREISCHEL, Respondent. [598 NYS2d 642] —Order unanimously reversed on the law without costs, objections denied and order of Hearing Examiner reinstated. Memorandum: Family Court erred in dismissing petitioner's application for a downward modification in child support. Where the applicant demonstrates that there has been an unanticipated and unreasonable change in circumstances, the court may modify the